**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50025 |
| Plaintiff - Appellee, | D.C. No. 16-cr-583-MMA |
| v. | |
| GABRIEL SUAREZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted March 8, 2018**
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and ZOUHARY,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Gabriel Suarez appeals his conviction for importing methamphetamine in violation of 21 U.S.C. §§ 952 and 960. He contends the prosecutor committed misconduct by making knowingly false or misleading comments during rebuttal closing argument. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1. "[T]he trial judge has broad discretion in controlling closing argument, and improprieties in counsel's arguments to the jury do not constitute reversible error unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge." *United States v. Navarro*, 608 F.3d 529, 535–36 (9th Cir. 2010) (internal quotation marks and citations omitted). When a defendant objects at trial, we review a district court determination that there was no prosecutorial misconduct for abuse of discretion, applying harmless error analysis. *United States v. Nobari*, 574 F.3d 1065, 1073 (9th Cir. 2009). When a defendant does not object at trial, we review for plain error. *United States v. Geston*, 299 F.3d 1130, 1134 (9th Cir. 2002).

Suarez objected to the prosecutor's comments during rebuttal closing argument, but on grounds of "burden shifting" and "facts not in evidence," rather than "false or misleading." A party fails to preserve an objection for appeal "not only by failing to

---

[1] Suarez also moves to supplement the record on appeal (Doc. 11). The Motion is denied.

make a specific objection, but also by making the wrong specific objection." *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012) (quoting *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990)). For example, this Court held a defendant failed to preserve an objection under similar circumstances, where counsel objected on grounds of "vouching," rather than "prosecutorial misconduct." *Id.* Accordingly, we review for plain error.

2. At trial, Suarez denied knowing that his rental car contained methamphetamine when he attempted to cross the border from Mexico to the United States. He argued in closing that he was "set up"—either by the Avis car rental company in Bakersfield, or perhaps someone else—and suggested the company could have used unknowing couriers. On rebuttal, the prosecutor criticized the defense for attempting to reduce the case to "evil Avis," observing that there was "not a shred of evidence presented to you over the past two days that Avis Rent A Car is some drug trafficking enterprise." The prosecutor later argued that "nobody at Avis knew . . . [Suarez] was going to Mexico," and "even indulging this theory that someone at Avis is an evil drug smuggler, they didn't have any idea where he was going."

Suarez contends these statements were false, or at least misleading, because an FBI investigation identified two drug-trafficking organizations that rented cars from the Bakersfield Avis with the assistance of an inside contact, an employee at the rental

3

agency. Suarez appears to acknowledge that the prosecutor's actual statements were true: there was no evidence presented at trial that the Bakersfield Avis was a front for a drug-trafficking organization, and there was evidence that Suarez concealed his destination from the rental company.

Instead, Suarez argues the prosecutor invited the jury to infer that there was no reason to believe the Bakersfield Avis had any connection whatsoever to drug trafficking—an inference he claims was improper, in light of the FBI investigation. But "a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974); *see also Williams v. Borg*, 139 F.3d 737, 744 (9th Cir. 1998). Suarez's conclusion is not the only possible—or even the most logical—inference to draw from the prosecutor's remarks, which were in direct response to Suarez's suggestion of a multi-participant drug-trafficking conspiracy operating out of the Bakersfield Avis. Nothing about the prosecutor's rebuttal exceeded the "normal bounds of advocacy" or rendered the trial fundamentally unfair. *Del Toro-Barboza*, 673 F.3d at 1152. There is no plain error.

**AFFIRMED.**